UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAXOS RIGHTS US INC.,

    Plaintiff,

v.                                        Case No: 8:16-cv-516-T-27TBM

DONALD ELLSWORTH WYATT,
individually and doing business as
TRAVELVIDEOSTORE.COM, a Florida
sole proprietorship,

    Defendant.

_____/

## ORDER

**BEFORE THE COURT** is *pro se* Defendant's Motion to Dismiss for Failure to State a

Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(B)(6) (Dkt. 6), which

Plaintiff opposes (Dkt. 7). Upon consideration, the Motion is DENIED.

## I.    BACKGROUND

Plaintiff, Naxos Rights US, Inc., owns by assignment copyrights in a series of musical

audiovisual works "known as 'Musical Journeys' which feature high quality sight-seeing 'musical

tours' of a particular city or region, with background classical music composed by well-known

composers such as Vivaldi and Wagner." (Dkt. 1 ¶ 13). The "Musical Journeys" are comprised of

"episodes" including "A Musical Journey: Rome-A Musical Tour of the City's Past and Present,"

first published in February 2004, and the subject of United States Copyright Registration PA

1-967-023 ("Rome episode") and "A Musical Journey: Venice-A Musical Tour of the City's Past

and Present," first published in the United States in February 2004, and the subject of U.S. Copyright

1

Registration PA 1-967-024 ("Venice episode"). (*Id.* ¶¶ 14-15). The intellectual property rights in the works described above, including the copyrights, were assigned to Plaintiff through the following chain of title:

1. HNH International Limited[1] transferred by asset transfer deed its rights in the works to Klaus Heymann in or about 2003;

2. Klaus Heymann transferred by asset transfer deed his rights in the works to Naxos Rights International Limited, of Hong Kong, also in or about 2003;

3. HNH International Limited made a deed of assignment in the copyrights in the works to Naxos Rights International Limited of Hong Kong in or about 2003; and

4. Naxos Rights International Limited of Hong Kong transferred all rights to Plaintiff on or about October 1, 2012.

(*Id.* ¶¶ 16-17). Plaintiff licensed Naxos America the right to exploit the content of the "Musical Journeys," and to sublicense to others. (*Id.* ¶ 18). Naxos America entered into a contract with Defendant, who does business as the Florida sole proprietorship, TRAVELVIDEOSTORE.COM. (*Id.* ¶ 19). This contract is entitled "Video Distribution Agreement," and is dated March 13, 2012. (*Id.*) By this agreement, Defendant was appointed as the non-exclusive distributor of the "Musical Journeys." (*Id.*) Naxos America later assigned to Plaintiff all rights of action under the Video Distribution Agreement. (*Id.* ¶ 37).

Plaintiff alleges that Defendant continued to sell copies of the "Musical Journeys" to the

---

[1] According to the Complaint, "Naxos America and its affiliates were conceived by Klaus Heymann, a German-born entrepreneur and music lover based in Hong Kong. Under Mr. Heymann's direction, a company known as HNH International Limited of Hong Kong arranged for RBF Filmstore, AG, of Switzerland, to produce [the Musical Journeys]. . . Each such work was created by RBF Filmstore, AG, as a work for hire for HNH International Limited, of Hong Kong." (Dkt. 1 ¶ 12).

public after the Video Distribution Agreement was allegedly concluded, including the Rome and Venice episodes, which are subject to copyright registrations owned by Plaintiff, and collected revenue from these sales. (*Id.* ¶¶ 23-25). Plaintiff alleges that Defendant breached the Video Distribution Agreement by failing to pay Plaintiff royalties due under the agreement for these sales. (*Id.* ¶ 27).

On September 2, 2014, Plaintiff sent Defendant a cease and desist letter, demanding payment, terminating the Video Distribution Agreement, and instructing Defendant to cease and desist from selling any Naxos content, including the "Musical Journeys." (*Id.* ¶¶ 28-29). However, Defendant allegedly continues to sell the "Musical Journeys" through his website. (*Id.* ¶¶ 31-32).

Plaintiff brings this lawsuit alleging claims of copyright infringement of the Venice and Rome episodes, and for breach of contract, requesting damages and an injunction enjoining Defendant from selling or commercially exploiting the "Musical Journeys." Defendant moves to dismiss Plaintiff's claims for failure to state a claim upon which relief may be granted.

## II.   STANDARD

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule does not require detailed factual allegations, but a plaintiff's complaint must contain more than unadorned or conclusory accusations of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "A claim has facial plausibility when the plaintiff pleaded factual content allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

All of the factual allegations in a complaint must be accepted as true for the purposes of a motion to dismiss but this tenet is "inapplicable to legal conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## III.   DISCUSSION

### *Copyright Claims*

To state a claim for copyright infringement, Plaintiff must allege (1) ownership of a valid copyright, and (2) copying of protected elements from the work. *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011). "The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411 [of the Copyright Act], to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501.

Plaintiff alleges that the intellectual property rights in the "Musical Journeys," including the copyrights, were assigned to Plaintiff on or about October 1, 2012, and the copyrights for the Rome and Venice episodes are both registered to Plaintiff. (Dkt. 1 ¶¶16-17, 44-46, 58-59; Dkt. 1-3; Dkt. 1-4). According to Plaintiff's claims, Defendant's alleged infringement of these copyrights began when the Video Distribution Agreement was purportedly terminated, on September 2, 2014. As such, Plaintiff sufficiently alleges ownership of the subject copyrights. Plaintiff also alleges that Defendant continues to market and sell the copyrighted content without a license to do so, including the Venice

and Rome episodes, sufficiently alleging the second element.[2] (*Id.* ¶¶ 31-33, 48-51, 61-65).

Defendant argues that the alleged failure to pay royalties was not a breach of the Video Distribution Agreement because the agreement does not specify a date and time for payment, and therefore Plaintiff did not properly terminate the agreement. In other words, Defendant contends the license to sell the "Musical Journeys" under the agreement remains in effect. However, the existence of a license is an affirmative defense. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 955 (11th Cir. 2009) (license is an affirmative defense to copyright infringement); *Carson v. Dynegy, Inc.*, 344 F.3d 446, 451 (5th Cir. 2003) ("[T]he existence of a license authorizing the use of copyrighted material is an affirmative defense to an allegation of infringement . . . ."); Copyright Litigation Handbook § 13:10 (2d ed.) ("The existence of a license, exclusive or nonexclusive, creates an affirmative defense to a claim of copyright infringement. Thus, once a copyright owner has shown use of the copyrighted work, the burden of proving that the use was authorized falls squarely on the defendant.").

"A complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (*en banc*)). It cannot conclusively be determined from the face of the Complaint that Plaintiff was not within its rights when it terminated the Video Distribution Agreement. The agreement is at least arguably

---

[2] Plaintiff licensed Naxos America the right to exploit the "Musical Journeys" and to sublicense to others. (Dkt. 1 ¶ 18). Pursuant to this authority, Naxos America entered into the Video Distribution Agreement with Defendant on March 13, 2012, in which Defendant was granted a non-exclusive license to manufacture, market, sell, and distribute the "Musical Journeys." (Dkt. 1-1). Under that agreement, Defendant was to pay royalties to Naxos America. On September 2, 2014, Naxos America terminated the Video Producer Agreement for alleged non-payment of royalties and directed Defendant to cease and desist from selling any Naxos content, including the "Musical Journeys." (Dkt. 1-2).

ambiguous as to when the royalty payments were due and whether time is of the essence.[3]

### *Breach of Contract Claim*

To state a claim for breach of contract, Plaintiff must allege (1) a valid contract; (2) a material breach; and (3) damages. *Abbott Labs., Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000). "To constitute a vital or material breach, a defendant's non-performance must be such as to go to the essence of the contract." *Sublime, Inc. v. Boardman's Inc.*, 849 So. 2d 470, 471 (Fla. 4th DCA 2003) (citing *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So. 2d 853, 857 (Fla. 4th DCA 1972)).

Plaintiff alleges that Naxos America entered into the Video Distribution Agreement with Defendant, granting Defendant a non-exclusive license to distribute episodes of the "Musical Journeys." (Dkt. 1 ¶¶ 16-20). Defendant sold copies of these works, including those covered by the copyright registrations, Venice and Rome, and collected Net Receipts, but did not pay "a substantial portion of" the royalties as required by the agreement. (*Id.* ¶¶ 23-27). These allegations are sufficient to state a claim.[4] Defendant's contention that the agreement is silent as to the date and time royalty payments are due suggests there is an ambiguity in the agreement, but does not rule out the inference that Defendant breached the agreement by failing to make royalty payments. In addition, Defendant's complaints of misconduct by Plaintiff and/or Naxos America at most raise affirmative defenses that

---

[3] Under Florida law, "failure to make a payment on time does not constitute per se a material breach of contract. Rather, to constitute a material breach, the late payment must occur where time is of the essence." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005) (citing *Sublime, Inc. v. Boardman's Inc.*, 849 So.2d 470, 471 (Fla. 4th DCA 2003)). These determinations cannot be made from the face of the Complaint or the Video Distribution Agreement.

[4] Naxos America assigned all of its rights of action under the Video Distribution Agreement to Plaintiff. (Dkt. 1 ¶ 37). *See Kohl v. Blue Cross & Blue Shield of Florida, Inc.*, 988 So. 2d 654, 658 (Fla. 4th DCA 2008) ("All contractual rights are assignable unless the contract prohibits assignment, the contract involves obligations of a personal nature, or public policy dictates against assignment.").

are not apparent from the face of the Complaint.

Accordingly, Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(B)(6) (Dkt. 6) is **DENIED**. Defendant shall answer the Complaint within **twenty-one (21) days**.

**DONE AND ORDERED** this 28ᵗʰ day of September, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
pro se Defendant